NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIDIA CALMO-MENDOZA and V.C.-C., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   17-71818 <br><br> Agency No. A202-157-792 and A202-157-793 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2019[**]
Seattle, Washington

Before:  WATFORD, MILLER, Circuit Judges, and BENITEZ,[***] District Judge.

Lidia Calmo-Mendoza and V.C.-C., natives and citizens of Guatemala,

petition for review of an order of the Board of Immigration Appeals (BIA)

upholding the conclusions of the immigration judge (IJ) that neither race nor

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

membership in a particular social group were the reasons for past persecution, thus disqualifying petitioners for asylum and withholding of removal. They also petition for review of the BIA's decision upholding the IJ's conclusion that petitioners are not entitled to relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. §1252(a)(1), and we deny the petitions.

The BIA decision was supported by substantial evidence. We uphold the BIA's decision unless "any reasonable adjudicator would be compelled to conclude to the contrary" based on evidence in the record. 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

To establish asylum eligibility, an applicant must show that she is unable or unwilling to return to her country of nationality because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1)(A). For Calmo-Mendoza, evidence that past persecution was on account of her indigenous race or membership in her particular social group was equivocal at best. The BIA noted that her persecutors were of her same race or made no mention of her race. The BIA also noted that her persecutors were motivated by romantic interest in one case and a criminal intent to extort money in the second case, neither of which is a

protected basis for asylum. Because evidence of a persecutor's motive is critical, "to obtain judicial reversal of the Board's determination, [s]he must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Pedro-Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir. 2000) (quoting *Elias-Zacarias*, 502 U.S. at 483-84). A reasonable factfinder would not be compelled to find either that Calmo-Mendoza's race or particular social group was "one central reason" for the persecution (the nexus standard for asylum) or that it was "a reason" for the persecution (the nexus standard for withholding-of-removal). *Barajas-Romero v. Lynch*, 846 F.3d 351, 358, 360 (9th Cir. 2017).

In denying the Convention Against Torture claim, the BIA noted Calmo-Mendoza did not report her persecution to the local police. The BIA also properly considered her reasons for non-reporting along with the 2015 Department of State Country Report. The BIA found that she had not demonstrated that the police would acquiesce or be willfully blind to harm inflicted on her by the private individuals whom she fears. The BIA concluded that Calmo-Mendoza did not fill the evidentiary gap with significant contrary proof. While reasonable adjudicators might come to different conclusions, the record does not compel a contrary result. The evidence presented does not compel the conclusion that Calmo-Mendoza is more likely than not to be tortured by or with the acquiescence of Guatemalan

17-71818

officials.  *See* 8 C.F.R. § 208.18(a)(1); *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

PETITION DENIED.